(26 P.3d 69)

No. 84,270

STATE OF KANSAS, *Appellee*,

v. CLINTON V. MCDONALD, *Appellant*.

Opinion filed May 4, 2001.

*Charles A. O'Hara*, of O'Hara, O'Hara & Tousley, of Wichita, for appellant.

*Mary Ann Shirley*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., GREEN and BEIER, JJ.

BEIER, J.: Clinton McDonald appeals the district court's denial of his motion to withdraw his guilty plea, filed after sentencing for possession of drug paraphernalia. We affirm the denial of the motion to withdraw plea but remand for resentencing.

McDonald was charged with possession with intent to sell, deliver, or distribute methamphetamine and possession of drug paraphernalia. Initially represented by Jason King, McDonald entered into a plea agreement. He agreed to plead guilty to the paraphernalia charge in exchange for the State's dismissal of the other charge and its recommendation that the standard term of incarceration be suspended in favor of 24 months' probation consecutive to his sentence for parole violation.

McDonald's written plea agreement listed the potential penalties for the charge, stated that he had received a copy of the sentencing guidelines grid, and confirmed that he understood his sen-

tence would be determined based upon his prior criminal history. The agreement also stated that McDonald understood the district court was not bound to accept the recommendation and that no one had promised McDonald would receive a lighter sentence or probation. Further, even if such a promise had been made, the agreement stated it was not binding on the court.

At the plea hearing, the district court told McDonald the range of penalties for possession of drug paraphernalia was 10 to 42 months' imprisonment, depending upon criminal history. The court further explained in detail that, if McDonald had one or more prior person felonies, it was presumed he would go to prison; if he had two or three prior nonperson felonies, he would be in a border box; and if he had one or two misdemeanors or one nonperson felony, there would be a presumption for probation. McDonald told the court he understood and had reviewed and understood the written plea agreement. The judge also told McDonald that he did not have to follow the plea agreement, and McDonald said he had not received any threats or promises to persuade him to plead guilty. After McDonald told the court he had possessed a digital scale for weighing marijuana and methamphetamine, the court accepted McDonald's plea of guilty to felony possession of drug paraphernalia.

At sentencing, McDonald was represented by another attorney, Tod Davis. The State was represented by Greenwood County Attorney Mary Ann Shirley. The district court considered McDonald's motion for downward dispositional departure, as the defendant fell within the presumptive prison 4-C grid block under the Kansas Sentencing Guidelines. The following exchange then occurred:

"MR. DAVIS: Judge, we are asking the Court to impose the standard sentence, but we are asking the Court to suspend that sentence right now. The standard sentence would be like—would most likely be 30 months. That under the terms of the plea agreement that may not be a joint recommendation, but the State will not object to the granting of a downward dispositional departure. And we are asking the Court to do so at this time.

"THE COURT: Ms. Shirley.

"MS. SHIRLEY: Your Honor, I believe that what defense counsel has stated is correct. I have agreed not to oppose the motion. But I believe the Court still has the duty and obligation to find substantial and compelling reasons to depart. And I would like to know more about what the alternatives to his—his dispositional departure would be. If there is—if he has a proposed rehabilitative program. I'm not seeing there is one. What the plan is that would show there are alternatives available."

The district court found no substantial and compelling reasons to depart existed and sentenced McDonald to 28 months' imprisonment. McDonald immediately told the court he felt he "was tricked into this plea bargain," because his previous attorney had "all but guaranteed me probation." The court told McDonald that he should discuss the possibility of filing a motion to withdraw his plea with his attorney.

At the hearing on that motion, McDonald was represented by a third attorney, Monte Miller. McDonald testified that his first attorney showed him a guidelines grid and told him that he was in the 4-C box. However, after talking with the county attorney, King penciled in his 4-C box as a border box and told McDonald that the county attorney agreed to make it a border box for him. McDonald stated that King assured him he was not going to prison and that King told him he had never seen a case where the judge had gone against the joint recommendation of the State and the defense. McDonald admitted he could not remember whether King ever discussed departure motions with him.

King testified that he told McDonald he fell into a presumptive prison box, but that the State would recommend probation if he took the plea agreement. King admitted he told McDonald he had never seen a judge act contrary to a plea agreement. He also confirmed he told McDonald he would be rolling the dice if he went to trial, because he would go to prison if convicted. King further testified that he explained to McDonald they would have to demonstrate the availability of a treatment program to satisfy the statutory requirements for a departure.

The district court denied the motion to withdraw plea.

K.S.A. 2000 Supp. 22-3210(d) provides in relevant part: "To correct manifest injustice the court after sentence may set aside the

judgment of conviction and permit the defendant to withdraw the plea." The denial of a motion to withdraw a plea lies within the sound discretion of the district court, and this court will not disturb that decision absent an abuse of discretion. *State v. Shaw*, 259 Kan. 3, 13, 910 P.2d 809 (1996). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *State v. Jasper*, 269 Kan. 649, 653, 8 P.3d 708 (2000).

McDonald first argues the district court abused its discretion because he had not understood that he would be required to show substantial and compelling reasons in order to be placed on probation. The record does not support this argument. McDonald admitted that he knew he fell into a presumptive prison block, and he could not remember whether King told him that they would have to file a motion for dispositional departure. King testified that he and McDonald discussed the necessity of showing the existence of an alternative treatment program for departure. The district court did not abuse its discretion in denying McDonald's motion on this basis.

McDonald next argues the district court abused its discretion because the prosecutor did not comply with the plea agreement at the plea hearing. It should first be noted that this argument was not raised before the district court. Ordinarily an issue not raised below will not be considered for the first time on appeal. *State v. Smith*, 268 Kan. 222, 243, 993 P.2d 1213 (1999). This court may consider an issue for the first time on appeal, however, if it is necessary to serve the ends of justice or to prevent a denial of fundamental rights. *State v. Mincey*, 265 Kan. 257, 267, 963 P.2d 403 (1998). Breach of a plea agreement denies the defendant due process. *State v. McDaniel*, 20 Kan. App. 2d 883, Syl. ¶ 1, 893 P.2d 290 (1995).

In *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), the prosecutor agreed to make no sentence recommendation under the plea agreement but later recommended a maximum sentence. The sentencing court overruled the defense objection and sentenced the defendant to the maximum term, say-

ing it did not rely upon the recommendation in doing so. The United States Supreme Court ruled that the State's promises must be fulfilled and remanded to state court, giving it the option of imposing specific performance of the agreement before a different judge or allowing the defendant to withdraw his plea. 404 U.S. at 262-63.

In *State v. Hill*, 247 Kan. 377, 378, 799 P.2d 997 (1990), the defendant agreed to plead in exchange for the State's promise to recommend that he receive a controlling term of two consecutive life sentences. At sentencing, the State referred the court to the presentence investigation report, which set out the recommendations of the plea agreement, but also noted that no amount of time could compensate the victims for the damage they had suffered. When appealing the district court's denial of a later motion to withdraw his plea, the defendant relied on *Santobello* to argue that the State did not comply with the plea agreement. The Kansas Supreme Court distinguished *Santobello*, because the same judge presided at all the hearings and was aware that the State had agreed to recommend a controlling term of two consecutive life sentences. The court found the State's additional comments were not tantamount to making a recommendation contrary to the plea agreement. 247 Kan. at 386.

McDonald's case appears more analogous to *Santobello* than to *Hill*. The same judge did not preside at both the guilty plea and sentencing hearings; thus court knowledge of the plea agreement was not certain. Indeed, it appears the sentencing judge was not informed of the specifics of the plea agreement—that the State would recommend a suspended sentence in favor of 24 months' probation—until the defendant read the agreement to him *after* sentencing. Before then, the State had not followed through on its obligation. A statement that it would not oppose a downward dispositional departure with a reminder of the high statutory burden is not the same thing as making a recommendation of a suspended prison sentence and probation.

In *McDaniel*, this court applied a constitutional harmless error standard to cases involving breach of a plea agreement. Under that standard, the breach is harmless only if this court can conclude

beyond a reasonable doubt that McDonald would not have pleaded guilty but for the State's agreement to recommend probation. 20 Kan. App. 2d at 888-89. It is clear from the record in this case that McDonald pleaded guilty in this case only to attempt to avoid imprisonment. The State's breach of the plea agreement was not harmless error, because it may have thwarted that attempt. We believe the appropriate remedy under *Santobello* is to remand for a new sentencing before a different judge with directions that the State deliver on its promise.

We affirm the denial of McDonald's motion to withdraw plea, because we are satisfied that he fully understood the potential consequences of it. However, we reverse and remand for new sentencing before a different judge with directions that the State specifically perform its agreement to recommend the standard term of incarceration be suspended in favor of 24 months' probation consecutive to McDonald's sentence for parole violation. The routing of this case should be interpreted only as an action consistent with *Santobello* and not as a comment critical of the district judge's performance.

Affirmed in part, reversed in part, and remanded with directions.