NOT DESIGNATED FOR PUBLICATION

Nos. 115,496
115,506

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER CHRISTOPHER PILAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 5, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

*Per Curiam*:  In this consolidated appeal, Tyler Christopher Piland appeals from the sentence imposed because it was alleged to be the result of the State's breach of the plea agreement. For the underlying facts we refer the reader to our opinion in Piland's companion appeal, *State v. Piland*, No. 115,495 (Kan. App. 2017) (unpublished opinion), this day decided.

The plea agreement, which is at the heart of this appeal, included the following provisions:

1

"a. The Parties agree to recommend the following sentences:  the high number in the appropriate sentencing gridbox;

"b. [The] Parties agree to recommend that the counts and the cases run concurrently to each other;

"c. The Parties agree to recommend the sentence imposed in this case run consecutively to Case Numbers 13CR1096 and 13CR 1650;

"d. The Parties agree to recommend that the presumptive sentence and the special rule for prison (offense committed while on felony probation) be imposed and a prison sentence be imposed;

"e. The Parties agree [to] further recommend that probation in 13CR1096 and 1[3]CR1650 be revoked.

"f. The Parties agree to recommend that the sentences in 13CR1096 and 1[3]CR1650 be modified by running the counts and cases concurrently to each other for a total sentence of twenty nine (29) months.

"g. The State agrees not to file any additional charges arising out of WPD case numbers 14C079686, 14C079446, 14C079469, and Derby PD case number 201403583.

"h. Defendant shall pay restitution in an amount of . . . ."

The plea agreement also contained a provision releasing the State of its obligation to make specific sentencing recommendations in the event that Piland was arrested or committed a new offense prior to sentencing:  "The State will not be bound by this recommendation and may make any other sentencing recommendation it seems appropriate, including incarceration, in the event the defendant is arrested, commits a new offense, violates bond conditions or fails to appear for a court appearance at any time prior to sentencing."

At sentencing, the State informed the court that it no longer considered itself bound by the plea agreement because Piland had been arrested and charged in a new case, 15 CR 1917. Consequently, the State requested that the sentencing court impose the maximum term in those cases, to be served consecutive to the sentences in the cases for

2

which he was currently serving probation, rather than concurrently as contemplated in the plea agreement. The State asserted:

> "[L]ess than a month [after he entered his guilty pleas] he picked up new and very serious charges—multiple charges of violent crimes in 15 CR 1917. Obviously that violates the plea agreement. The new arrest and the new violations he has already admitted to, that leaves the State free to argue at this point and is not bound by the plea agreement.
> "We were asking that due to the long extensive history of crimes that this defendant has committed and the [effect] that it has had on his many, many victims. He has left so many people un-whole, Your Honor, to the tune of thousands of dollars across many different victims. And we [are] asking that you send him [to prison] for the maximum amount of time that you can send him for. We are asking that you max [consecutive sentences] on the [probation violations] and the new convictions."

The district court agreed that the State was not bound by the plea agreement and imposed a sentence of 31 months, the high number in the grid box, revoked Piland's probation in his earlier cases, and ordered Piland to serve the underlying 93-month sentence without modification. Piland appeals from the sentence imposed.

For the first time on appeal, Piland argues that the State violated the plea agreement when it failed to make the recommendations as provided in the plea agreement and instead recommended the maximum sentence. Accordingly, we must first determine whether we should address this issue which was not raised before the district court. We generally do not consider claims raised for the first time on appeal. But we have in the past considered for the first time on appeal whether the State breached a plea agreement when doing so is necessary to serve the ends of justice or to prevent a denial of fundament rights. See *State v. Chetwood*, 38 Kan. App. 2d 620, Syl. ¶ 4, 170 P.3d 436 (2007), *rev. denied* 286 Kan. 1181 (2008); *State v. McDonald*, 29 Kan. App. 2d 6, 9, 26 P.3d 69 (2001). In invoking this exception, the party asserting the claim for the first time on appeal must explain why the exception applies. See Kansas Supreme Court Rule

3

6.02(a)(5) (2017 Kan. S. Ct. R. 35). Here, Piland has complied with Rule 6.02(a)(5) by asserting that the issue should be addressed for the first time on appeal because the violation of a plea agreement impinges on his fundamental right to due process. Accordingly, we will consider the issue.

Piland raises an issue over which we have de novo review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015). A plea agreement is a contract. It is premised on the expectation that the parties will abide by its terms. *State v. Boley*, 279 Kan. 989, 992, 113 P.3d 248 (2005). "[W]hile principles of contract law cannot be blindly incorporated into the area of plea bargaining, they provide a useful analytical framework." *State v. Smith*, 244 Kan. 283, 285, 767 P.2d 1302 (1989) (referring to conclusion in *United States v. Ocanas*, 628 F.2d 353, 358 (5th Cir. 1980), *overruled on other grounds by United States v. Grant*, 117 F.3d 788 [1997]). When the defendant's plea rests in significant part on a promise made by the State, so that it can be said to be part of the inducement or consideration for the agreement, the promise must be fulfilled. *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). A breach of a plea agreement is a violation of the defendant's due process rights. *Jones*, 302 Kan. at 116.

The primary rule for interpreting written contracts is to determine the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction. *Stechschulte v. Jennings*, 297 Kan. 2, 15, 298 P.3d 1083 (2013). A contract is not ambiguous unless two or more meanings can be construed from the provisions of the agreement. *Iron Mound v. Nueterra Healthcare Management*, 298 Kan. 412, 418, 313 P.3d 808 (2013). Courts should not strain to create an ambiguity when common sense leads to the conclusion that the language of the contract is clear. *American Family Mut. Ins. Co. v. Wilkins*, 285 Kan. 1054, 1059, 179 P.3d 1104 (2008). If an ambiguity is found, it must be construed strictly in favor of the accused. *State v. Wills*, 244 Kan. 62, 69, 765 P.2d 1114 (1988).

The parties may control or limit their promises in the written plea agreement. In *Wills*, our Supreme Court stated:

> "If the State wants to limit its promises, it can do so by clearly setting out these limitations in the plea agreement. There can then be no question as to what the parties agree to . . . . Absent such a limitation, the defendant would reasonably expect the State to be bound by its promise at all hearings which affect the determination of his sentence." 244 Kan. at 69.

Here, Piland does not dispute that he was arrested for new offenses in 15 CR 1917. But he claims that at the time of sentencing the State had not yet proven beyond a reasonable doubt that he had committed the new offenses. He asserts he was "innocent until proven guilty." Piland relies on the district court's statement that it was not considering the new charges in sentencing because the allegations "are not something to take into account." This, of course, refers to the court's consideration of Piland's criminal history, which identifies crimes for which he has already been convicted. The court's comment had nothing to do with the interpretation of the parties' contract.

Piland's argument ignores the plain and unambiguous language of the plea agreement, which provided that the State would not be bound to make the recommendations in the plea agreement "in the event the defendant is arrested." There is nothing in this clause requiring a conviction or for the State to prove the crime supporting the arrest beyond a reasonable doubt. Because Piland was arrested prior to sentencing, the State was released from its obligations under the plea agreement and was not bound by its promises. The district court did not err in so finding. The district court correctly found that the State was released of its obligations under the plea agreement.

Affirmed.