NOT DESIGNATED FOR PUBLICATION

No. 123,160

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL EUGENE HEAPE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed October 8, 2021. Affirmed in part and dismissed in part.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., CLINE, J., and BURGESS, S.J.

PER CURIAM:  Paul Eugene Heape pleaded guilty to aggravated assault with a deadly weapon, in violation of K.S.A. 2019 Supp. 21-5412, and aggravated endangering of a child, in violation of K.S.A. 2019 Supp. 21-5601. Heape moved the trial court for a dispositional departure from a prison sentence to probation or, alternatively, a downward durational departure on his prison sentence. The trial court denied the motion and sentenced Heape to 19 months in prison. Heape appeals. Because we lack jurisdiction to review a presumptive sentence and Heape's appeal is not properly before us, we dismiss this part of Heape's appeal.

1

Heape also alleges that the State violated the plea agreement because the State did not "stand silent" on his prison sentence. Because we conclude that the State did not breach the plea agreement, we affirm. Thus, we affirm in part and dismiss in part.

FACTS

In February 2020, Heape pleaded guilty to aggravated assault with a deadly weapon and aggravated endangering of a child. In July 2020, Heape moved the trial court to depart from the presumptive sentence. He argued that (1) his previous convictions were old and unrelated to the present offenses, (2) the aggravated assault was not a typical aggravated assault, but an attempted or threatened suicide, and (3) he took responsibility for his actions.

At sentencing, Heape argued that the degree of harm or loss attributed to the aggravated assault was significantly less than typical. Heape also argued that he took steps to deal with his suicidal ideation, anxiety, depression, and posttraumatic stress. Heape pointed to his evaluation from a mental health provider as evidence of a treatment process.

The trial court then asked the State for its position on the departure request. The State replied, "Judge, as the Court said, [defense counsel] has already noted for the Court the State is going to stand silent. And I think that that is the plea agreement, and that is what I will do today." Then the victim gave her statement to the trial court.

When the trial court asked for sentencing recommendations, the State recited the statutory prison time and the firearm rule, as follows:

> "Your Honor, as the [presentence investigation] PSI [report] notes, Count five is
> the primary offense. It is aggravated assault. It is a criminal history of H; that is, a level

2

seven person felony. It is presumptive prison. The standard term would be 15 months in [Department of Corrections] with 20 percent of good time credit. Of course, there is offender registration, which I believe is 15 years, that is noted on page eight of the PSI [report]—I thought it was. But, yes, your Honor, it is page eight of the PSI [report].

"Um, also, your Honor, there is a special rule that applies. It is that it is committed with a firearm that is also indicated on six of the PSI [report].

"There are 54 days of jail time credit. The maximum good time credit is 20 percent. The post release supervision would be 12 months.

"With regard to the second offense that was Count seven, aggravated endangering of a child, that would be a criminal history score of I. That is a level nine person felony as well. The standard term would be six months. Again, good time credit would be 20 percent.

"There's also a special rule that applies with an aggravated endangering of a child. It must run consecutive to the original count of 13 months. So it would be an overall of 19 months in the Department of Corrections, your Honor."

The State also corrected an error on the PSI report, telling the trial court, "The Court noted—or, rather, the PSI [report] noted that this was a DV [domestic violence] case. It was not pled as a DV case, but I don't know that the Court could make that finding at this time. It was not pled that way."

Heape agreed with the State that, based on his criminal history score, his presumptive sentence for aggravated assault with a deadly weapon was 13 months in prison. He also agreed that K.S.A. 2019 Supp. 21-5601(c)(2) required that his prison sentence for aggravated child endangerment run consecutively, giving him a total of 19 months in prison. Nevertheless, Heape asked that the trial court depart from that sentence and consider probation instead. The trial court noted the State's neutral position on sentencing but denied Heape's motion to depart. The trial court imposed the standard sentence on each count.

Heape timely appeals.

3

ANALYSIS

*Did the trial court err in denying Heape's motion to depart?*

Heape argues that the trial court should have made specific findings on the issues raised in his departure motion. The State argues that Heape presents no exceptions which would allow for appellate review of his presumptive sentence, and because we lack jurisdiction to review a presumptive sentence, we should dismiss the appeal.

Under the revised Kansas Sentencing Guidelines Act, appellate courts lack jurisdiction to consider challenges to the denial of motions for departure sentences because the courts lack jurisdiction to consider appeals from presumptive sentences. K.S.A. 2020 Supp. 21-6820(c); *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016).

The trial court imposed presumptive sentences on both counts. Thus, we lack jurisdiction to consider an appeal from these sentences. Heape's arguments stem from an incorrect standard of review. When the trial court *denies* a motion to depart and imposes the presumptive sentence, this court lacks jurisdiction to review the sentence. *State v. Kinder*, 307 Kan. 237, 239-40, 408 P.3d 114 (2018). But, as Heape correctly states, when the trial court *grants* the motion, an abuse of discretion standard applies to determine whether a mitigating factor constitutes a substantial and compelling reason to depart. *State v. Morley*, 312 Kan. 702, 708, 479 P.3d 928 (2021). Here, the trial court denied the motion and thus Heape cites the wrong standard of review.

The State acknowledges that we could consider other potential trial court errors related to Heape's sentence but argues that none apply. The State notes that K.S.A. 2019 Supp. 21-6804(h) imposes a special rule at sentencing: "When a firearm is used to commit any person felony, the offender's sentence shall be presumed imprisonment." The trial court found that Heape used a firearm to commit a person felony. Also by special

4

rule, Heape's sentence for aggravated endangering a child must run consecutive to his sentence for aggravated assault with a deadly weapon. K.S.A. 2019 Supp. 21-5601(c)(2). The trial court applied both of these special rules when sentencing Heape.

If the trial court misinterprets its own authority to impose a sentence, this court may take up the limited question of whether the trial court properly interpreted the sentencing statute. *Kinder*, 307 Kan. at 240. But, as the State correctly notes, Heape presents no argument that the trial court misapplied the special sentencing rules or otherwise misinterpreted its own authority to impose a sentence. An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Because we lack jurisdiction to consider the issue, we dismiss this part of Heape's appeal.

*Did the State violate the plea agreement?*

Heape argues that the State breached the plea agreement which obligated the State to "stand silent" on Heape's motion for a departure sentence. First, the State argues that Heape did not object to the State's comments at sentencing and he cannot raise this issue for the first time on appeal. Second, the State argues that it did not recommend a sentence but stated only what the presumptive sentence would be. The State contends that its comments did not address whether the trial court should depart from that sentence.

Heape's arguments are not properly before us. Issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), and *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling that the issue is

improperly briefed and will be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). "As a general rule, unless there are exceptional circumstances, appellate courts do not consider issues on appeal that were not raised by the parties." *State v. Laborde*, 303 Kan. 1, 7, 360 P.3d 1080 (2015).

Heape did not object to the State's recitation of the presumptive sentence. In fact, Heape agreed with and repeated the presumptive sentence. But he then followed the statement with arguments for why the trial court should depart from the presumptive sentence. On appeal, Heape did not address his failure to object, nor does he explain why we should consider an issue which was not before the trial court. Heape does not argue any exceptional circumstances requiring consideration of this issue. So this issue is not properly before us.

Even if Heape had shown that the issue should be considered on appeal, his claim lacks merit. Whether the State breached a plea agreement presents a question of law over which appellate courts have unlimited review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015).

"'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013) (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 [1971]). If the State breaches the plea agreement, then the defendant is denied due process. "This is true even if the record indicates that the district court's sentencing decision was not influenced by the State's actions at sentencing." *Urista*, 296 Kan. at 583.

"'[A]pplication of fundamental contract principles is generally the best means to fair enforcement of a plea agreement, as long as courts remain mindful that the constitutional implications of the plea bargaining process may require a different analysis

in some circumstances.'" *Jones*, 302 Kan. at 116 (quoting *State v. Peterson*, 296 Kan. 563, 567, 293 P.3d 730 [2013]).

Heape argues that the State breaches a plea agreement when it makes a sentencing recommendation but undercuts the recommendation with negative comments, citing *Urista*. Gerardo Lalo Urista Jr. entered no-contest pleas to several crimes when the State promised to recommend a controlling term of 102 months in prison to the trial court. At sentencing, the prosecutor acknowledged the plea agreement but then called Urista a "very dangerous young man," described him as having "no remorse . . . no compassion" and stated that he had "absolutely no qualms about shooting somebody," among other disparaging remarks. 296 Kan. at 579-80. Our Supreme Court vacated Urista's sentence and remanded for resentencing before a different judge. 296 Kan. at 595-96. Heape requests the same relief.

But Heape is not similarly situated to Urista. That is, the State here made no comments about Heape's character or criminal tendencies. First, the trial court asked Heape about his departure motion and then asked the State for a response. The State only responded to the departure motion as follows:  "[Defense counsel] has already noted for the Court the State is going to stand silent. And I think that that is the plea agreement, and that is what I will do today." Unlike in *Urista*, the State made no additional comments about Heape or the appropriateness of the presumptive sentence. Instead, when asked, the State flatly and accurately summarized the PSI report's findings and what the presumptive sentence would be, without commenting on whether the trial court should impose that presumptive sentence.

Heape similarly compares his sentencing to *State v. McDonald*, 29 Kan. App. 2d 6, 8, 26 P.3d 69 (2001). But this comparison is no more helpful than his citation to *Urista*. Clinton McDonald pleaded guilty to possession of drug paraphernalia in exchange for the State agreeing to recommend probation. At sentencing, the State mischaracterized

7

the plea agreement, stating that it did not oppose a departure motion. Then the State reminded the trial court that the court had a duty to find substantial and compelling reasons to depart. The State also noted that it was unaware of available rehabilitative programs which would fit with a dispositional departure. We ruled that the State breached the plea agreement. "A statement that it would not oppose a downward dispositional departure with a reminder of the high statutory burden is not the same thing as making a recommendation of a suspended prison sentence and probation." 29 Kan. App. 2d at 10. That is, *McDonald* is dissimilar because in that case the State promised to recommend a downward dispositional departure but failed to follow through on that promise. Here, the State did not promise to recommend a departure. The State promised to remain silent on departure. When Heape requested a departure, the State remained silent. Unlike in *McDonald*, the State here did not remind the trial court of the statutory burden that comes with granting a downward dispositional departure or otherwise comment at all on departure. Thus, the State followed the plea agreement requiring it to "stand silent" on a departure sentence.

For the preceding reasons, we affirm in part and dismiss in part.

Affirmed in part and dismissed in part.