NOT DESIGNATED FOR PUBLICATION

No. 126,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT J. ANDERSON III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed August 8, 2025. Restitution order vacated and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Robert J. Anderson III appeals his sentence following his guilty plea to 5 counts of aggravated burglary and 18 counts of burglary. Anderson's only claim on appeal is that the State breached the plea agreement when it argued for the district court to order restitution to be due immediately. We agree with Anderson that at the very least, the plea agreement was ambiguous as to when the State could recommend the restitution be paid. Strictly construing the plea agreement in favor of Anderson and against the State, we find the State breached the plea agreement by asking the district court to order restitution to be due immediately, and the error was not harmless. For the

1

appropriate remedy, we vacate the restitution order and remand for a new restitution hearing before a different district court judge with directions that the State comply with the provisions of the plea agreement. See *State v. Urista*, 296 Kan. 576, 595, 293 P.3d 738 (2013).

FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, the State charged Anderson with 68 counts stemming from a string of burglaries and thefts he had committed over 4 years. Most of the charges related to Anderson breaking into many businesses in the Wichita area between 2017 and 2021.

On the first day of his scheduled bench trial, Anderson agreed to plead guilty to 5 counts of aggravated burglary and 18 counts of burglary. In exchange for Anderson's plea, the State agreed to: (1) dismiss the remaining 45 charges; (2) recommend the middle number in the applicable sentencing grid box and recommend that all of the counts run concurrent to each other; (3) recommend that Anderson's sentence in a separate pending case in another county be run concurrent to his sentence in this case; and (4) permit Anderson to argue for any other lawful disposition at sentencing. Anderson agreed to pay "any reasonably related restitution—including on dismissed counts—should any be requested." The parties also agreed: "If the court imposes prison, both parties will ask the court to recommend to the Kansas Department of Corrections that Defendant be ordered to pay restitution as a condition of post-release supervision." The district court accepted Anderson's guilty plea.

At sentencing, Anderson asked the district court to follow the plea agreement and requested a departure to probation. He also argued that the nearly $100,000 the State was requesting in restitution was unworkable and that it was not realistic that he would ever be able to pay that amount back. Anderson asked the district court to place him on work release so that he could work to pay off the restitution order. The State asked the district

2

court to follow the plea agreement, recommending the middle number in the applicable sentencing grid box and that all the counts run concurrently. The prosecutor asked the district court to order Anderson to pay $99,621.33 in restitution and stated:

"*As far as workability, we are asking that he be ordered to pay that while he is in custody if he earns any money while he's working at KDOC.* And then, he will have 24 months' post-release where he would be able to work and earn money to be able to pay that back. But the bottom line is, he victimized a number of people in our community. All of these people have suffered a pretty significant loss because of his continued conduct on his crime spree here in the community. So I think he should be ordered to pay it back, and I think that he can work and can make efforts to earn money to pay back this amount of restitution." (Emphasis added.)

After hearing the parties' arguments, the district court declined to follow their recommendations. Instead, citing Anderson's lengthy criminal history, the repeated nature of the offenses, the danger to the community, and Anderson's apparent lack of remorse, the district court imposed consecutive sentences and sentenced Anderson to 260 months' imprisonment followed by 24 months' postrelease supervision. Turning to restitution, the district court ordered Anderson to pay restitution in the amount of $99,621.33 to 19 businesses and individuals. The journal entry of judgment specified that "restitution is immediately due and owing." Anderson timely appealed the district court's judgment.

ANALYSIS

Anderson's only claim on appeal is that the State breached the plea agreement when it argued for the district court to order restitution to be due immediately. He contends the plea agreement required both parties to recommend that restitution be paid as a condition of postrelease supervision, but not while Anderson is in prison. He argues the State's breach was not harmless because the agreement to recommend when restitution would be due influenced his decision to plead guilty. For a remedy, Anderson

3

asks this court to "vacate the restitution award and remand for a new restitution hearing." Anderson is *not* challenging the amount of restitution ordered by the district court; he is challenging only the order that the restitution is immediately due.

The State contends it did not breach the plea agreement by recommending that Anderson pay restitution while he is in prison because "[t]here is nothing in the language of the plea agreement that limited the State to requesting restitution payment *only* during the post-release supervision period." Alternatively, the State asserts that even if it breached the plea agreement, any breach was harmless because "it does not appear that the issue of when [Anderson] would be require[d] to pay restitution was the primary impetus of [his] decision to enter into the plea agreement."

Anderson acknowledges that he did not object to the State's restitution recommendation at sentencing but contends this court may reach the issue for the first time on appeal because it is necessary to serve the ends of justice or to prevent denial of fundamental rights. Anderson is correct that when the State breaches the terms of a plea agreement, it violates the defendant's due process rights. *Urista*, 296 Kan. at 583. He is also correct that Kansas appellate courts have considered unpreserved arguments involving the alleged breach of a plea agreement. See *State v. Jones*, 302 Kan. 111, 117-18, 351 P.3d 1228 (2015); *State v. Meyer*, 51 Kan. App. 2d 1066, 1070, 360 P.3d 467 (2015). The State does not contest Anderson's request for this court to reach the merits of the issue.

In Kansas, plea agreements are treated as contracts between the State and the defendant, and "'[a]n expectation inherent in all plea agreements is that each party will honor the terms of the agreement.'" *State v. Peterson*, 296 Kan. 563, 567, 293 P.3d 730 (2013). "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such

4

promise must be fulfilled.'" *Urista*, 296 Kan. at 583 (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 [1971]).

The State's breach of a plea agreement denies the defendant due process even if the record shows that the sentencing court's decision was not influenced by the State's actions. *Urista*, 296 Kan. at 583. Accordingly, a breach can only be considered harmless "if a court can say beyond a reasonable doubt that the State's promise had little, if any, influence on the defendant's decision to enter into the plea agreement." 296 Kan. at 594-95. The harmless error rule applies even when the defendant raises the issue for the first time on appeal. *State v. McDonald*, 29 Kan. App. 2d 6, 9-11, 26 P.3d 69 (2001).

A plea agreement that is reasonably susceptible to different interpretations is ambiguous. *State v. Case*, 289 Kan. 457, 462, 213 P.3d 429 (2009). And when a plea agreement is ambiguous, it must be strictly construed in favor of the defendant. 289 Kan. at 462. Whether the State has breached a plea agreement presents a question of law over which appellate courts exercise unlimited review. *Urista*, 296 Kan. at 582-83.

As noted above, under the plea agreement, the parties agreed that "[i]f the court imposes prison, both parties will ask the court to recommend to the Kansas Department of Corrections that Defendant be ordered to pay restitution as a condition of post-release supervision." Anderson contends this provision required both parties to recommend that restitution be paid as a condition of postrelease supervision, but not while Anderson is in prison. The State contends that it followed the plea agreement by asking the district court to recommend that payment of restitution be a condition of postrelease supervision, but the State was also allowed to argue Anderson should pay restitution while he is in prison. The State points out that nothing in the language of the plea agreement limited the State to requesting payment of restitution *only* during the postrelease supervision period.

5

The State points out that under K.S.A. 2020 Supp. 21-6604(b)(1), restitution is due immediately unless "(A) The court orders that the defendant be given a specified time to pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances that would render restitution unworkable, either in whole or in part." In other words, under the statute "restitution is the rule and unworkability is the exception." *State v. Taylor*, 317 Kan. 364, 365, 530 P.3d 431 (2023). But this plain statutory language arguably supports Anderson's interpretation of the plea agreement that the parties would recommend that restitution be paid only as a condition of postrelease supervision, but not while Anderson is in prison. Why else would the agreement even mention that restitution would be paid as a condition of postrelease supervision if the State could ask the district court to follow the statutory presumption and order that restitution be paid immediately?

The State also points out that under K.S.A. 2020 Supp. 22-3717(n), when a sentencing court orders restitution as a condition of parole or postrelease supervision, the prisoner review board must make such payments a condition of postrelease supervision unless the board finds compelling circumstances that would render a plan of restitution unworkable. The State appears to argue that the provision in Anderson's plea agreement is more related to this statute and was never intended to mean that the State could not ask the district court to order Anderson to pay restitution while he is still in prison. While this interpretation of the plea agreement is plausible, it is equally plausible that the spirit of the plea agreement was for the parties to recommend that restitution be paid only as a condition of postrelease supervision after Anderson is released from prison.

Anderson's plea agreement is susceptible to more than one reasonable interpretation concerning what it required the parties to recommend about payment of restitution. Any ambiguity in a plea agreement is strictly construed in favor of Anderson and against the State. *Case*, 289 Kan. at 462. Strictly construing the plea agreement in Anderson's favor, we find the State breached the plea agreement, even though it may

6

have done so unintentionally, by asking the district court to order restitution to be due immediately while Anderson is in prison.

Alternatively, the State asserts that even if it breached the plea agreement, any breach was harmless error. As explained above, a breach is harmless if this court finds, beyond a reasonable doubt, that the State's promise had little, if any, influence on the defendant's decision to enter into the plea agreement. *Urista*, 296 Kan. at 594-95. The harmlessness analysis focuses solely on the effect that the State's promise had on the defendant's decision to enter into the plea agreement—it is immaterial whether the sentencing court's decision was impacted by the State's breach. 296 Kan. at 594-95.

The State argues that "it does not appear that the issue of when the defendant would be require[d] to pay restitution was the *primary impetus* of defendant's decision to enter into the plea agreement with the State." (Emphasis added.) But this is not the standard for harmlessness. An error is not harmless if the State's promise had an influence on the defendant's decision to enter into the plea agreement. Here, Anderson faced a considerable sentence even after the State dismissed two-thirds of the charges. And the impact of the restitution order not being due until after that sentence was served could have impacted Anderson's decision to enter the plea. We cannot say beyond a reasonable doubt that the State's promise to recommend restitution be due only as a condition of postrelease supervision had little impact on Anderson's decision to plead guilty.

The Kansas Supreme Court has stated that the appropriate remedy for the State's breach of a plea agreement is to "vacate the sentence and remand for a new sentencing hearing before a different district court judge with directions that the State comply with the provisions of the plea agreement at sentencing." *Urista*, 296 Kan. at 595. Anderson does not seek a new sentencing hearing and requests only that we "vacate the restitution award and remand for a new restitution hearing." We give Anderson the relief he seeks. Thus, we vacate the district court's restitution order and remand for a new restitution

7

hearing before a different district court judge with directions that the State comply with the provisions of the plea agreement, per our Supreme Court's directive in *Urista*.

Restitution order vacated and case remanded with directions.