NOT DESIGNATED FOR PUBLICATION

No. 127,660

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RICKEY EUGENE PATRICK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed January 16, 2026. Affirmed in part and vacated in part.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

PER CURIAM: Rickey Patrick pleaded no contest to driving under the influence in 2022. A presentence-investigation report indicated that he had been convicted earlier that same year of DUI under a Missouri municipal ordinance. Partly based on that Missouri conviction, the court sentenced Patrick to 34 months in prison and fined him $2,143. Patrick now appeals, challenging various aspects of his sentence. After reviewing the parties' arguments and the appellate record, we affirm Patrick's prison sentence but vacate a portion of the fine imposed by the court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2022, Patrick was arrested and charged with operating a motor vehicle while under the influence of alcohol and driving without proof of insurance. At the time of his arrest, Patrick had previously been convicted of DUI in Leavenworth and in North Kansas City, Missouri. The North Kansas City conviction from September 2022 was based on the violation of a city ordinance, not a Missouri statute.

A few days before trial, Patrick pleaded no contest to one count of driving under the influence (third conviction), which is a severity-level 6 nonperson felony. K.S.A. 8-1567(b)(1)(D). At the plea hearing, Patrick's attorney explained that Patrick would plead no contest to that offense, the State would dismiss the remaining charge, and the parties would recommend that Patrick receive the minimum presumptive sentence allowed by Kansas law. The State orally agreed that this was an accurate summary of the parties' agreement.

After engaging in a plea colloquy with Patrick and hearing a factual recitation of the conduct giving rise to the plea, the court found Patrick guilty under K.S.A. 8-1567(b)(1)(D), which criminalizes a third conviction of DUI when the defendant has been convicted of at least one other DUI within the previous 10 years.

In preparation for sentencing, the State prepared a presentence-investigation report outlining Patrick's criminal history and other factors relevant to the court's sentencing decision. This report indicated that Patrick's criminal-history score was D, which would result in a presumptive sentence of 32 to 36 months in prison for his conviction, followed by 24 months of postrelease supervision. Patrick filed a motion asking for a downward dispositional departure of 30 days' incarceration followed by probation.

At sentencing, Patrick argued that the court should grant probation with a mandatory 30-day jail sentence. Patrick's counsel indicated that he had spoken with the prosecutor, and the State did not oppose the request for probation. When defense counsel was finished with his argument, the court asked the prosecutor if he had anything to add. The prosecutor responded, "Nothing from the State, Your Honor."

In the end, the district court denied Patrick's departure request and imposed a 34-month prison sentence followed by 24 months of postrelease supervision. The court also ordered Patrick to pay $2,143 in fines and costs to the court, including a "statutory fine" of $1,750.

DISCUSSION

Patrick appeals, raising three claims of error. He argues that the district court should not have considered the Missouri ordinance violation as a previous conviction for sentencing purposes, arguing that the ordinance violation is not treated as a criminal conviction in Missouri. He also argues that the prosecutor did not adhere to the terms of the plea agreement at sentencing. And he argues that the district court erroneously imposed a fine that no longer exists under the statute. After reviewing the record and the parties' arguments, we affirm Patrick's 34-month prison sentence but vacate a portion of the fine the district court imposed.

1. *The district court did not err when it included Patrick's Missouri municipal ordinance violation among his earlier DUI infractions.*

The Kansas DUI statute, K.S.A. 8-1567, "imposes progressively enhanced sentences for repeat [DUI] offenders." *State v. Castillo*, 54 Kan. App. 2d 217, 222, 397 P.3d 1248 (2017). The statute allots different severity levels (and thus different criminal penalties) depending on the number of times a person has previously been found to have driven under the influence of alcohol or drugs and the timeframe in which those

violations occurred. Courts have thus described K.S.A. 8-1567 as a "self-contained habitual criminal statute." *State v. Key*, 298 Kan. 315, 321, 312 P.3d 355 (2013).

The 2022 bound volume of K.S.A. 8-1567(b)(1)(D), which was in effect in August 2022 when Patrick committed the DUI offense giving rise to this case, states that a "third conviction" of DUI is a severity-level 6 felony when "the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration." A "second conviction" of DUI is a class-A misdemeanor. K.S.A. 8-1567(b)(1)(B).

Patrick argues that the district court should not have sentenced him based on a "third conviction" for DUI. Patrick does not deny that he was operating a vehicle while impaired in August 2022, and he admits that he had been found to have violated DUI laws on two previous occasions—in 2007 in Leavenworth and in September 2022 in North Kansas City, Missouri. But he argues that Missouri law treats the North Kansas City infraction as merely a *violation* of a city ordinance, not a *conviction*. The State argues that Patrick pleaded guilty to a third violation of DUI and thus has waived any ability to challenge the court's reliance on that finding on appeal.

As the State notes, Patrick did not challenge the district court's reliance on the Missouri ordinance violation at the plea or sentencing hearing. In fact, his attorney informed the district court during Patrick's plea hearing that Patrick was pleading no contest to a "third conviction DUI," with the most recent infraction happening within the last 10 years, and acknowledged this offense was a severity-level 6 nonperson felony. But the Kansas Supreme Court has interpreted K.S.A. 8-1567 as defining a sentencing-enhancement framework (similar to other aspects of a person's criminal history under the Kansas Sentencing Guidelines), not elements of the underlying criminal offense. *Key*, 298 Kan. at 319. In other words, the correct classification of the earlier DUI infractions goes to the legality of the sentence—whether that sentence "conform[s] to the applicable statutory provision." K.S.A. 22-3504(c)(1).

4

The State also argues that Patrick waived his ability to challenge his sentence because he did not contest the previous DUI infractions in 2007 and 2022 at his plea hearing. We are unaware of any Kansas appellate caselaw finding that a person can consent to the application of an arguably illegal sentence (which is what Patrick alleges he received here). And an argument alleging a sentence is illegal "can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). But it is unnecessary to discuss that contention any further because the issues are clearly resolved by K.S.A. 8-1567.

When faced with a question of statutory interpretation, courts "begin by looking to the plain language of the statute." *State v. Kerrigan*, 317 Kan. 683, 686, 538 P.3d 852 (2023). "If the language of the statute is plain and unambiguous, an appellate court will not speculate about legislative intent and will not read something into the statute not readily found in its words." 317 Kan. at 686.

Here, K.S.A. 8-1567(i) provides unambiguous guidance about how courts should determine "whether a [DUI] conviction is a first, second, third, fourth or subsequent conviction in sentencing" under that statute. In particular, K.S.A. 8-1567(i)(3) defines "'conviction'" to include a "conviction of a violation of an ordinance of a city in this state, a resolution of a county in this state or any law of another jurisdiction that would constitute an offense that is comparable" to several DUI-related convictions listed in K.S.A. 8-1567(i)(1) and (2). And the statute directs that "[c]onvictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county that prohibits the acts that [K.S.A. 8-1567] prohibits . . . shall be taken into account." K.S.A. 8-1567(i)(1).

To determine if an out-of-state offense is comparable to a Kansas DUI offense, courts consider (1) the name of the offense, (2) the elements of the offense, and (3)

5

whether the offense prohibits similar conduct to the closest Kansas offense. K.S.A. 8-1567(j)(1)-(3).

Patrick does not argue that the Missouri municipal ordinance violation is not comparable to the Kansas DUI offenses listed in K.S.A. 8-1567. Instead, he argues more broadly that Kansas caselaw does not permit Missouri municipal ordinance violations to be used as "convictions" for sentence enhancement in Kansas, citing *State v. Smith*, 309 Kan. 929, 930, 441 P.3d 472 (2019). We have reviewed this precedent and find it unpersuasive in this context.

In *Smith*, the defendant pleaded guilty to trafficking contraband in jail and argued that the district court improperly included a Missouri municipal ordinance violation when calculating her criminal-history score. The *Smith* court explained that the Kansas Sentencing Guidelines Act classifies an out-of-state crime for criminal-history purposes "as either a felony or a misdemeanor" based on the law of "the convicting jurisdiction." 309 Kan. at 930 (citing K.S.A. 2015 Supp. 21-6811[e][2]). The Kansas Supreme Court then agreed with Smith that "Missouri does not consider municipal ordinance violations to be crimes, and the relevant municipal code designates some violations as misdemeanors, but not Smith's." 309 Kan. at 930. Thus, Smith's previous ordinance violation could not be classified as a misdemeanor in her criminal history. 309 Kan. at 930.

Patrick argues that because *Smith* found that Missouri municipal ordinance violations are not crimes, they are also not convictions that can enhance a DUI sentence. But the issue here does not concern classification of a municipal violation as a crime generally for criminal-history purposes. Instead, we must determine whether K.S.A. 8-1567 contemplates that Patrick's 2022 ordinance violation must lead to a more severe sentence. We hold that it does.

The plain language of K.S.A. 8-1567(i) includes violations of an ordinance of any city that prohibits the acts the section prohibits, including out-of-state violations like Patrick's North Kansas City DUI infraction. Thus, the district court did not err by relying on this ordinance violation to enhance Patrick's current DUI conviction to a severity-level 6 felony.

2. *The State did not breach the terms of the plea agreement.*

Patrick next argues that the State violated the plea agreement because it failed to "'recommend minimums'" during sentencing. The State again argues that Patrick cannot raise this issue for the first time on appeal because he did not object to the State's actions—and thus provide the State an opportunity to clarify its position—before the district court. Patrick claims that the argument can still be heard on appeal because he raises a question of law arising on admitted facts and consideration is necessary to prevent denial of his fundamental rights.

Appellate courts generally do not address issues raised for the first time on appeal. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). The party seeking review of a new issue must show why a recognized exception to the general rule applies. 314 Kan. at 283; see *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (appellants must explain why an unpreserved issue should be considered or it is deemed waived). As Patrick notes, however, appellate courts have discretion to review unpreserved issues when that review is possible based on the record and warranted under the facts and law. *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021). For example, we have sometimes reviewed an unpreserved claim when it "'involves only a question of law arising on proved or admitted facts and is finally determinative of the case'" or when "'the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights.'" *Allen*, 314 Kan. at 283. Despite the absence of an objection, we find the record permits our review here and proceed to consider the merits of Patrick's argument. Accord *State v. Meyer*, 51

Kan. App. 2d 1066, 1070, 360 P.3d 467 (2015) (deciding to reach allegations of a breached plea agreement for the first time on appeal).

A plea agreement is a contract between the State and the pleading defendant. When the State violates a plea agreement, a defendant is denied due process. *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). And this can be true even when the district court's decision was unaffected by the State's actions during sentencing. 296 Kan. at 583 (citing *State v. Foster*, 39 Kan. App. 2d 380, 390, 180 P.3d 1074, *rev. denied* 286 Kan. 1182 [2008]).

When a plea is conditioned "'in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Urista*, 296 Kan. at 583 (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 [1971]). Based on this rationale, Kansas courts have found that prosecutors have violated plea agreements when they make a different sentencing recommendation than that included in the agreement or when they make the agreed-upon recommendation but then provide additional comments that undermine that recommendation. See *State v. Jones*, 302 Kan. 111, 116-17, 351 P.3d 1228 (2015).

The conduct Patrick complains of here does not fall into either of these scenarios. He argues that the State agreed in the plea agreement to recommend a minimum sentence (what Patrick describes as 30 days in jail followed by probation, see K.S.A. 8-1567[b][1][D][i]), but the prosecutor made no recommendation at sentencing. Instead, the prosecutor remained silent when Patrick sought a departure sentence to probation; when the district court asked the prosecutor if he had anything to add, he responded that he did not.

We note that it is unclear from the record before us what the parties meant when they agreed that the State would recommend "minimums" at sentencing. Agreeing to recommend the minimum sentence permitted under Kansas law under any circumstance (which is what Patrick is arguing here) is different from recommending the minimum presumptive sentence allowed by Kansas law, given Patrick's criminal history (which would have been a 32-month, rather than a 34-month, prison sentence). But it is unnecessary to resolve that question here because we find that Patrick has not shown that the prosecutor's silence breached the agreement.

Patrick's argument is similar to one rejected by the Kansas Supreme Court in *State v. Hill*, 247 Kan. 377, 799 P.2d 997 (1990). In *Hill*, the defendant sought to set aside a guilty plea "because the State did not specifically state at the sentencing hearing . . . that it recommended that the defendant receive two consecutive life sentences with the remaining sentences to run concurrently." 247 Kan. at 381. The *Hill* court disagreed with the defendant's argument. Though the State had not specifically provided any recommendation at the hearing, the *Hill* court found that the record showed the district court was aware of the State's position since the same judge had presided over the defendant's plea hearing, where the terms of the plea agreement were discussed. 247 Kan. at 386.

Patrick attempts to distinguish *Hill* by citing *State v. McDonald*, 29 Kan. App. 2d 6, 10, 26 P.3d 69 (2001), where the court found that a prosecutor's silence was sufficient to breach the agreement. But our review of that case shows the appellate court was particularly troubled by the fact that "the sentencing judge was not informed of the specifics of the plea agreement" when that person had not previously presided over the plea hearing. 29 Kan. App. 2d at 10. The prosecutor's silence thus deprived the court of valuable information the parties agreed the court would have.

This case is more similar to *Hill* than *McDonald*. The same judge presided over the entirety of Patrick's case. At the plea hearing, Patrick's counsel informed the court that "the parties at sentencing would recommend minimums," and the prosecutor affirmatively agreed with this statement. Thus, the court was aware of the parties' agreement. At sentencing, Patrick's attorney argued for downward departure and indicated that the State did not oppose that request; the State informed the court it had nothing to add to the defense attorney's statements. That the court ultimately denied Patrick's request for a departure is inapposite to whether the State performed its side of the plea bargain. Patrick has not shown that the prosecutor breached the terms of the plea agreement.

3. *We vacate the $1,750 fine imposed by the district court.*

In his final argument on appeal, Patrick challenges the district court's imposition of $2,143 in fines and costs. He argues that the court erred when it included in the calculation a "statutory fine" of $1,750 because that fine was not required by the version of K.S.A. 8-1567 that governed his case. The State agrees and concedes that this fine must be vacated.

Under an earlier version of the DUI statute effective from July 1, 2018, to June 30, 2022, a person convicted of felony DUI under subsection (b)(1)(D) was required to pay a fine "not less than $1,750 nor more than $2,500." K.S.A. 2021 Supp. 8-1567(b)(1)(D). In 2022, the legislature removed that fine for third DUI convictions. K.S.A. 8-1567(b)(1)(D). Patrick committed his crime on August 27, 2022—almost two months after the new version of the statute took effect. The district court apparently was relying on the earlier statute when it erroneously imposed "the statutory fine of $1,750." As the parties note, this fine must be vacated.

We affirm Patrick's prison sentence imposed for his third DUI conviction, and we vacate the $1,750 fine imposed by the district court.

Affirmed in part and vacated in part.