IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,788

STATE OF KANSAS,
*Appellee*,

v.

CAMERON LEE JOHNSON,
*Appellant.*

SYLLABUS BY THE COURT

1.

A criminal defendant who fails to object in district court to a sentencing judge's reliance on facts outside the record and who fails to argue the applicability of an exception to preservation of the issue for appeal is prevented from having the merits of the issue addressed.

2.

A sentencing judge who fails to explicitly bifurcate or continue a sentencing proceeding to set restitution later loses jurisdiction to do so.

3.

A parole eligibility time rather than a term of postrelease is appropriate when a criminal defendant is sentenced to life in prison for an off-grid crime.

4.

Illegal ambiguity in the concurrent or consecutive nature of a sentence requires correction. On the unique facts of this case, that correction can be accomplished without

1

remand because the sentencing judge's intention otherwise clearly appears in the record on appeal.

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed May 31, 2019. Affirmed in part and vacated in part.

*Kai Tate Mann*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Natalie Chalmers*, assistant solicitor general, argued the cause, and *Derek Schmidt*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This case comes to us on direct appeal from Cameron Lee Johnson's no contest plea to felony murder, aggravated kidnapping, aggravated assault, and criminal possession of a firearm. The district court sentenced Johnson to life without parole for at least 25 years and 272 months for aggravated kidnapping, to run consecutive to the life sentence. Johnson raises three issues on direct appeal, concerning the imposition of consecutive sentences, restitution, and the imposition of lifetime postrelease supervision following a hard-25 life sentence. We also note another ambiguity in Johnson's sentence as pronounced.

FACTUAL AND PROCEDURAL BACKGROUND

Johnson pleaded no contest to felony murder, aggravated kidnapping, aggravated assault, and criminal possession of a firearm. At his plea hearing, both the district court and county attorney referenced Johnson's numerous other criminal cases. The district court swore Johnson in before confirming with Johnson that he had read and understood

2

each and every part of the acknowledgement of rights and entry of plea that he had signed. Johnson requested and was given additional time to discuss the acknowledgment with his mother and his attorney. The district court then confirmed Johnson understood the court was not bound by the plea agreement. The court took Johnson's no contest pleas for each of the four offenses charged.

The district court then said, "[T]he Court is aware of the facts of the case based on the Probable Cause Affidavit, but just to be safe, for the record, would you provide a factual basis for the Court, please." The State did so, reciting facts including that the victim was kidnapped when she was taken by force or fear from the vehicle she had been in to a vacant lot where she was shot numerous times. The State also referenced Johnson's confession, which the district court was familiar with from a codefendant's case. None of these statements drew any objection from Johnson's counsel.

The court responded: "Based on the information *provided by Mr. Johnson . . . and* [*the State*,] the Court will find that there's a factual basis for the plea and find that the plea was knowingly and voluntarily entered into." (Emphasis added.) Johnson's counsel again did not object.

At sentencing, the district court handed down a Hard 25 life sentence for felony murder; the judge made inconsistent references to whether the sentence included the possibility of parole after 25 years or required lifetime postrelease supervision.

"For the offense of first-degree murder, felony murder, an off-grid offense, the Court is sentencing you to life in prison. Lifetime post-release. That is the requirement, correct, Mr. Grillot?

"Mr. Grillot:  Yes, Your Honor.

3

"The Court: Lifetime post-release. You'll be eligible for parole after 25 years."

Johnson also received 272 months for aggravated kidnapping, to be served consecutively to the Hard 25; 12 months on aggravated assault, to be served concurrently with the Hard 25 and 272 months; and 8 months on criminal possession, to be served concurrently to the aggravated assault sentence but consecutively to the Hard 25 and 272 months on the other counts. The district court rejected Johnson's request, which the State joined, to run all sentences concurrent, explaining:

"This was a crime of extreme violence that the victim was subject to. I heard your statement that you gave the police at the preliminary hearing. It is clear to the Court that the final moments of this young lady's life were very cold, and you showed no mercy. As a consequence, the Court can show no mercy to you.

"So the first-degree murder count and the aggravated kidnapping count will run consecutive to one another and not concurrent."

Johnson's counsel again did not object to or otherwise take issue with the district court's statements.

The judge also addressed restitution at sentencing: "Restitution will be ordered. If they can't agree on the amount, you'll have to pay that." The court later reiterated, "[A]ny restitution is not waived."

The journal entry of judgment reflected that the court imposed lifetime postrelease supervision. It also indicated restitution was "TBD" or "to be determined" at a later time. A subsequent nunc pro tunc still listed restitution as "TBD" and purported to change the criminal possession sentence to run concurrent to the sentences on the three other counts.

No restitution amount was ever set by the district court.

We ordered the parties to show cause on whether this court has jurisdiction, because the open issue on restitution raised a preliminary question about whether the district court had entered a final judgment. We noted the parties' responses and concluded that we have jurisdiction.

ANALYSIS

*Lack of Preservation of Consecutive Sentencing Issue*

Litigants generally are precluded from raising an issue on appeal when they failed to raise the issue in the district court. We have recognized exceptions that allow a party to raise an issue, including a constitutional issue, for the first time on appeal: (1) the newly asserted theory involves "only a question of law arising on proved or admitted facts and the issue is finally determinative of the case"; (2) "resolution of the question is necessary to serve the ends of justice or to prevent denial of fundamental rights"; and (3) the district court reached the right result for the wrong reason. *Trotter v. State*, 288 Kan. 112, 124-25, 200 P.3d 1236 (2009).

In addition, certain issues, such as subject matter jurisdiction or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court. *Trotter*, 288 Kan. at 125 (subject matter jurisdiction); *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013) (illegal sentence can be raised for first time on appeal, by court sua sponte).

For those issues that cannot be raised at any time, we require a litigant to explain why the issue is properly raised for the first time on appeal. *State v. Daniel*, 307 Kan.

5

428, 430, 410 P.3d 877 (2018); Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). And, even then, some issues remain beyond our review when not preserved by a timely objection. E.g., *State v. Solis*, 305 Kan. 55, 63-64, 378 P.3d 532 (2016) (rejecting argument that ends of justice allowed consideration of evidentiary issue raised on appeal that was not objected to contemporaneously).

Johnson argues here that the district court judge abused his discretion, either by making an error of fact or acting unreasonably, when he chose to sentence Johnson to consecutive terms on his felony murder and aggravated kidnapping convictions. Johnson now believes the judge relied on facts outside the record in this case, namely Johnson's confession admitted in a codefendant's case and the probable cause affidavit.

Johnson did not raise this argument below. His counsel did not object when the confession or probable cause affidavit were mentioned during his plea hearing; nor did counsel object during sentencing when the judge referenced Johnson's statement to the police in explaining why he declined to follow the consecutive recommendation in the plea agreement. Johnson's failure to raise the issue of reliance on facts outside the record in the district court, compounded by his failure to explain why we should apply an exception to consider it for the first time on appeal, places the merits of the issue beyond our review.

*Jurisdiction to Impose Restitution*

Johnson argues the district court lacks subject matter jurisdiction to enter a restitution order based on our decision in *State v. Charles*, 298 Kan. 993, 318 P.3d 997 (2014). The district court's jurisdiction to order restitution involves questions of law over

6

which we exercise unlimited review. *State v. Hall*, 298 Kan. 978, 982-83, 319 P.3d 506 (2014); see also *Charles*, 298 Kan. at 1002.

A sentencing court loses jurisdiction to modify a sentence except to correct arithmetic or clerical errors after a legal sentence has been pronounced from the bench. *Hall*, 298 Kan. at 983; see K.S.A. 2018 Supp. 21-6820(i). Restitution is part of a sentence. 298 Kan. at 983. Subject matter jurisdiction persists if a district court bifurcates or continues a sentencing hearing to address restitution at a later date. 298 Kan. at 986-87.

We made clear in *Hall* and *Charles* that future sentencing judges would be expected to make "an explicit and specific order of continuance for the purpose of determining the amount of restitution or whatever other aspect of sentencing remains incomplete." *Hall*, 298 Kan. at 987; see also *Charles*, 298 Kan. 993, 1002 ("a district judge should expressly enter an order of continuance"). The failure to do so would deprive the court of subject matter jurisdiction to impose restitution after a sentencing hearing concluded. See *Charles*, 298 Kan. at 1002-03; see also *State v. Frierson*, 298 Kan. 1005, 1020-21, 319 P.3d 515 (2014).

Johnson's sentencing hearing was held in December 2016, long after the filing of the *Hall* and *Charles* opinions in February 2014. The judge said he would order restitution but failed to explicitly bifurcate or continue the proceeding. The district court's failure to follow the procedure we mandated in *Hall* and *Charles* deprived the district court of jurisdiction to set restitution later.

One further note on restitution bears mention: The State has urged us to allow restitution to be awarded if we remand for other reasons. Because we decline to remand this case, we do not address the merits of the State's argument on this point.

7

We vacate the portion of the journal entry and subsequent nunc pro tunc order indicating restitution remains "TBD."

*Illegal Sentence Aspects Requiring Correction Without Remand*

Whether a sentence is illegal is an issue of law subject to unlimited review. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). An illegal sentence may be corrected at any time, K.S.A. 2018 Supp. 22-3504(1); and we have the authority to correct an illegal sentence sua sponte. See *Rogers*, 297 Kan. at 93.

A sentence is illegal when it is imposed by a court without jurisdiction, fails to "conform to the applicable statutory provision, either in character or punishment," or "is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2018 Supp. 22-3504(3). Here, Johnson questions whether the postrelease term failed to conform to the applicable statutory provision or was ambiguous with respect to the time and manner in which it was to be served. In addition, as mentioned above, we have detected another ambiguity in Johnson's sentence for criminal possession that requires our attention.

The State agrees with Johnson that his off-grid sentence permits parole eligibility after 25 years have been served, not lifetime postrelease supervision. See K.S.A. 2018 Supp. 22-3717(b)(2); K.S.A. 2018 Supp. 21-6620(b)(1); see also *State v. Ruiz-Ascencio*, 307 Kan. 138, 146, 406 P.3d 900 (2017); *State v. Phillips*, 295 Kan. 929, 950, 287 P.3d 245 (2012). The judge's inconsistent statements on this point at sentencing made this aspect of Johnson's sentence ambiguous and illegal. The State concedes this issue and suggests the remedy is to vacate the order of lifetime postrelease supervision rather than remand the case for resentencing. See *Phillips*, 295 Kan. at 949-50 (sentence is illegal

when court lacked jurisdiction). We agree. We vacate Johnson's lifetime postrelease supervision term imposed at sentencing. Whether parole eligibility will eventually become an actuality is not for us to decide.

The other ambiguity in the sentence not raised by the parties arises from the judge's pronouncement that the criminal possession sentence would run concurrent with the aggravated assault sentence but consecutive to the sentences for the felony murder and aggravated kidnapping convictions. This is not possible if, as the judge also pronounced, the aggravated assault sentence is to run concurrent with the sentence for the felony murder and aggravated kidnapping convictions.

Ordinarily this ambiguity would require a remand to clarify and correct. But, in this particular case, we know from another portion of the record on appeal exactly what the judge intended. He attempted to fix the problem of the ambiguous pronouncement by issuing the nunc pro tunc order making the sentence on the criminal possession concurrent with the terms for the three other counts.

This approach does not qualify as a strictly proper use for a nunc pro tunc order; the judge's error was substantive and thus not typically amenable to correction through the nunc pro tunc procedure. See *State v. Smith*, 309 Kan. __, __ P.3d __ (No. 113,828, this day decided), slip op. at 2; *State v. Mebane*, 278 Kan. 131, 136, 91 P.3d 1175 (2004) (nunc pro tunc order is used to correct clerical errors, errors arising from oversight, omission). Nevertheless, it is obvious that this was the judge's intention and we see nothing to be gained by remanding for him to tell us or the parties what is already known. We therefore hold that no further action is required to correct the criminal possession sentence to make it concurrent with the three other sentences.

CONCLUSION

We affirm Johnson's consecutive sentences on his convictions for felony murder and aggravated kidnapping. We vacate the portions of the district court's judgment and nunc pro tunc order indicating restitution will be imposed at a later date and imposing postrelease supervision on Johnson's Hard 25 life sentence. We affirm the district court's order that Johnson's criminal possession sentence be served concurrently with his sentences for felony murder, aggravated kidnapping, and aggravated assault.

LUCKERT, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 117,788 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.