NOT DESIGNATED FOR PUBLICATION

No. 122,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN DANIEL HASTINGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed July 2, 2021. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Elizabeth H. Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: John Daniel Hastings alleges that a potential juror's comment during voir dire deprived him of a fair trial. He also appeals his conviction for criminal possession of a firearm by a convicted felon is unconstitutional under section 4 of the Kansas Constitution Bill of Rights. Because each argument is exposed to grave flaws, we reject them both and affirm.

FACTS

In May 2018, A.S. arranged to buy marijuana from Hastings. When she arrived at Hastings' house, she walked upstairs to his bedroom as that was where he usually

1

completed his sales. Once A.S. was in Hastings' room, she sat on the floor and played with his dog while he weighed and bagged the marijuana. Then, Hastings asked A.S. to come sit on his bed. She did.

According to testimony, Hastings had sexual intercourse with A.S., but they disputed whether it was consensual. Hastings testified that A.S. consented. But A.S. testified that she told Hastings, "[N]o," and she tried to push him away. She bit his shoulder.

A.S. reported the incident two days later. Sexual Assault Nurse Examiners examined both A.S. and Hastings. A.S.'s exam showed bruising on both of her breasts and her left arm. She also had a small scratch on her back.

Law enforcement executed a search warrant for Hastings' home. They found two large bags of marijuana and $700 in cash in a safe in Hastings' bedroom. They also found a black rifle in his bedroom closet.

A jury found Hastings not guilty on one of the two charges of rape, in violation of K.S.A. 2017 Supp. 21-5503(a)(1)(A), and not guilty of two counts of aggravated criminal sodomy, in violation of K.S.A. 2017 Supp. 21-5504(b)(3)(A). But the jury found Hastings guilty of sale of marijuana, in violation of K.S.A. 2017 Supp. 21-5705(d)(2)(A), guilty of two counts of felony possession of drug paraphernalia, in violation of K.S.A. 2017 Supp. 21-5709(b)(1) and (e)(2)(A), and guilty of criminal possession of a firearm by a felon, in violation of K.S.A. 2017 Supp. 21-6304(a)(2). And the trial court declared a mistrial on the second count of rape after the jury could not reach a verdict on that count. The trial court sentenced Hastings to 82 months in prison.

Hastings timely appeals.

2

*Is K.S.A. 2017 Supp. 21-6304(a), criminal possession of a firearm by a convicted felon, unconstitutional under section 4 of the Kansas Constitution Bill of Rights?*

Hastings argues that K.S.A. 2017 Supp. 21-6304(a) violates his constitutional rights because it criminalizes possession of a firearm by persons convicted of a felony. He argues that section 4 of the Kansas Constitution Bill of Rights guarantees firearm possession for all Kansans.

Hastings concedes that he did not challenge the constitutionality of this statute before the trial court. Nevertheless, he argues that we should address this claim under two of the three well-recognized exceptions: (1) that the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case and (2) that consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

Even if an exception may be invoked under the right circumstances to review an unpreserved claim for the first time on appeal, our Supreme Court considered and rejected an exception in *State v. Gray*, 311 Kan. 164, 459 P.3d 165 (2020). In doing so, the court established a baseline consideration when applying an exception: "The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so. [Citations omitted.]" *Gray*, 311 Kan. at 170.

In declining to address defendant's new arguments, our Supreme Court declared the following:

"We decline to utilize any potentially applicable exception to review Gray's new claim. Gray had the opportunity to present his arguments to the district court and failed to do so. This failure deprived the trial judge of the opportunity to address the issue in the context of this case and such an analysis would have benefited our review. We therefore decline to address Gray's new arguments on appeal." 311 Kan. at 170.

On the record before us, we decline to address Hastings' new argument for the first time on appeal for the same reasons as did the *Gray* court.

*Did the trial court err by denying Hastings' motion for mistrial?*

Hastings asserts that a potential juror's comment on his reputation created a fundamental failure in the proceedings, eroded the presumption of innocence, and deprived him of a fair trial. The State contends that defense counsel's extensive voir dire questioning and the court's jury instructions cured any defect. The State also argues that Hastings cannot show that he was prejudiced by the comment.

At voir dire, a potential juror stated that Hastings was "as notorious as Jesse James." The trial court immediately held a bench conference with counsel and the juror. At the bench, the juror explained the following: "I said he's as notorious as Jesse James. I heard all of the stories that go far back from this case. It would be really hard for me to be impartial on something like this." The trial court dismissed the juror for cause. Hastings immediately moved for a mistrial, which the court took under advisement.

Later, another potential juror stated, "I don't believe I can be an impartial juror." The trial court held a bench conference, where the juror explained the following:

"[T]here are multiple serious charges against your client, okay, not one but multiple, okay. I have watched the parade of people come in here that knew him

4

personally and were excused from the jury. The man in front of me confirmed my feeling about this guy when he said he has the reputation of Jesse James."

The juror added, "Right now he's guilty." Hastings' counsel asked how much the previous comment comparing Hastings to Jesse James influenced the juror's perception. The potential juror replied as follows: "Minor. But what you have is a list of witnesses, including hospital staff, credible law enforcement. I mean, you don't have to be a rocket scientist to figure out this guy is guilty." The trial court dismissed the potential juror for cause.

K.S.A. 22-3423(1)(c) permits a trial court to declare a mistrial if prejudicial conduct occurs during the proceedings that make it impossible for the trial to proceed without injustice. The statute creates a two-step process: (1) The court must determine whether there was some fundamental failure in the proceeding, and if so, (2) it must determine whether it is possible to continue the trial without injustice. *State v. Betancourt*, 299 Kan. 131, 144, 322 P.3d 353 (2014).

On appeal, the trial court's denial of a motion for mistrial is reviewed using an abuse of discretion standard. A trial court abuses its discretion if its action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Ward*, 292 Kan. 541, Syl. ¶¶ 2-3, 256 P.3d 801 (2011). The burden of proof is on the party alleging that the court abused its discretion. *State v. Wells*, 289 Kan. 1219, 1226, 221 P.3d 561 (2009). This court will not find that a trial court abused its discretion in denying a mistrial in the absence of substantial prejudice to the defendant. See, e.g., *State v. Harris*, 293 Kan. 798, 816-17, 269 P.3d 820 (2012); *State v. McCorgary*, 224 Kan. 677, 687, 585 P.2d 1024 (1978).

Hastings leans heavily on the fact that another juror repeated the "Jesse James" comment when called to the bench. First, this juror stated that the impact of the comment was minor and then gave his own independent reasons for his partiality.

Second, both potential jurors were dismissed for cause. None of the selected jurors who participated in the verdict made prejudicial comments. See, e.g., *McCorgary*, 224 Kan. at 687 (ruling that trial court's instructions mitigated any prejudicial effect from dismissed juror's comment); *State v. Mayberry*, 248 Kan. 369, 379-80, 807 P.2d 86 (1991) (ruling that trial court's instructions mitigated any prejudicial effect from dismissed juror's comment), *disapproved on other grounds by State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006); but see *State v. Yurk*, 230 Kan. 516, 520, 638 P.2d 921 (1982) (ruling that defendant was prejudiced when seated juror read newspaper article during trial which disclosed defendant's prior convictions).

Although the trial court here did not immediately instruct the jury panel to disregard the comment, Hastings did not request that instruction. See *State v. Williams*, No. 114,245, 2017 WL 542876, at *4 (Kan. App. 2017) (unpublished opinion) (ruling that the defendant did not request a curative instruction and "may not now argue that the court's failure to instruct the jury is in error"). Also, in the present case the jury instructions at the close of evidence instructed the jury to disregard any testimony not admitted into evidence and any statements that were not supported by evidence. The jury is presumed to follow instructions. *State v. Holt*, 285 Kan. 760, 770, 175 P.3d 239 (2008). The split verdict strongly indicates that the jury weighed the evidence carefully.

Finally, the trial court ruled that defense counsel had, and exercised, ample opportunity to review the impartiality of the jury during the rest of voir dire. From the record, the potential jurors had ample opportunity to express any concerns about their ability to be impartial during voir dire. The trial court noted that some took advantage of the opportunity and were appropriately struck from the jury pool.

Thus, Hastings cannot establish the prejudice which he alleges. He argues that the entire jury panel hearing the comment means that the jury "could easily conclude Mr. Hastings was a general wrong-doer deserving of punishment and convicted without weighing the elements of each crime." His assertion is speculative. See *Harris*, 293 Kan. at 816-17 (ruling that appellant's supposition that juror's statements were likely to prejudice jury was not showing of substantial prejudice). In fact, the jury verdict shows clearly that the prejudice he alleges did not occur. The jury found Hastings not guilty on the two counts of aggravated criminal sodomy and one of the counts of rape. In particular, the fact that the jury could not return a verdict on the other rape count does not support Hastings' assertion that the jury would convict him "regardless of the evidence and elements of each crime." Thus, the trial court properly denied the motion for mistrial.

The only remaining issue is the State's cross-appeal on Hastings' criminal history. But the State did not discuss the issue in its appellate brief and so the issue is abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

For the preceding reasons, we affirm.

Affirmed.