NOT DESIGNATED FOR PUBLICATION

No. 123,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MARIA ACADIA RUIZ,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed April 8, 2022. Reversed and remanded with directions.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: The State charged Maria Acadia Ruiz with felony theft and a violation of the Kansas Retailers' Sales Tax Act (Tax Act). The district court granted Ruiz' motion to dismiss the felony theft charge, finding it multiplicitous to the Tax Act violation. The State appeals the district court's dismissal of the felony theft charge as multiplicitous. Ruiz argues that even if the charges are not multiplicitous, the district court was right for the wrong reason in dismissing the felony theft charge because the State offered insufficient evidence at the preliminary hearing to bind Ruiz over for trial on that charge. For the reasons stated below, we reverse the district court's dismissal of the felony theft charge and remand with directions to reinstate the charge.

1

FACTS

Ruiz owned and operated Ruiz Enterprises, LLC, d/b/a The Pancake Inn. The State charged her with a misdemeanor violation of the Tax Act and one count of felony theft when she did not remit $49,274.06 in sales tax and used it to fund routine business expenses from August 1, 2015, through January 31, 2017.

On August 30, 2019, Ruiz moved to dismiss the theft charge, arguing her failure to remit sales tax under the Tax Act, in any amount, did not subject her to a felony charge. Ruiz argued that the Tax Act limited the punishment for "the willful failure to make returns or to pay taxes" to a misdemeanor.

On September 4, 2019, a district magistrate judge held a preliminary hearing on the felony theft charge. The parties agreed to address the motion to dismiss at the preliminary hearing as well. The State offered testimony of a Kansas Department of Revenue (KDOR) special investigator, a KDOR special agent, and these exhibits: Ruiz' Kansas business tax application, retailers' sales tax returns filed by Ruiz, partial payments remitted with the returns, a KDOR tax warrant, and evidence of KDOR's collection efforts. Ruiz presented no evidence at the preliminary hearing.

In closing, the State argued that Ruiz committed two crimes—a tax violation and theft—not a general and specific version of one crime. The State said the theft charge was supported because Ruiz "exhibited . . . unauthorized control when she collected that money and did not forward it on to the Kansas Department of Revenue and then converted it to her own use." The State argued that to prove the tax violation, the State did not have to prove theft. Ruiz closed by arguing that her failure to pay was circumstantial, not willful. She also urged the court to strictly construe the Tax Act and find that it "includes every penalty that could be imposed for failing to pay taxes." Thus, Ruiz argued that the State cannot also charge her with theft.

2

The magistrate judge found that "the specific and general crime does not apply to this case, that there are two separate crimes that were committed and that she could be prosecuted on both." Ruiz was bound over for trial on the felony theft charge.

Ruiz renewed her motion to dismiss before the district court. On October 25, 2019, the district court heard oral arguments. Among other things, Ruiz argued that the State's charges were multiplicitous because the charges arose from the same conduct and from only one offense. She also argued that the elements were the same for both charges and thus the Tax Act was the more specific statute because it addresses a particular class of offenders, taxpayers, and a particular class of property, tax. The State responded that (1) it could bring both charges based on the same acts; (2) the charges are not multiplicitous because the elements to prove each crime are different; and (3) the rules for specific and general offenses were inapplicable.

On March 6, 2020, the district court filed a written order granting Ruiz' motion to dismiss, finding "that in the present case, the Complaint as charged is multiplicitous." As a result, the district court ruled "that Count 2 charging felony theft . . . is hereby dismissed." The order also stated: "The Court does not find a need to address the parties' additional arguments of general vs. specific statutory analysis or the Rule of Lenity." The district court denied the State's motion to reconsider but granted its motion to dismiss the Tax Act violation charge without prejudice so it could bring this timely appeal.

DID THE DISTRICT COURT ERR BY DISMISSING
THE FELONY THEFT CHARGE AS MULTIPLICITOUS?

The State first claims that the district court erred when it ruled that the felony theft charge and the violation of the Tax Act charge were multiplicitous. And the State argues that even if the charges are multiplicitous, dismissal of the felony theft charge was not

3

warranted. Ruiz argues that the district court correctly dismissed the felony theft charge that stemmed from Ruiz' alleged violation of the Tax Act.

An appellate court applies unlimited review to multiplicity challenges. *State v. Gonzalez*, 311 Kan. 281, 295, 460 P.3d 348 (2020). And the interpretation of statutes necessary to the multiplicity analysis is subject to de novo review. 311 Kan. at 295.

"The Double Jeopardy Clause prevents a defendant from being punished more than once for the same crime." 311 Kan. at 296. Multiplicity occurs when a single offense is charged as several offenses in a charging document. Multiplicity involves a two-part test, determining first whether the convictions arise from the same conduct, and second whether by statutory definition there is only one offense. 311 Kan. at 296. Under the first prong, the court determines whether the conduct is discrete, meaning the convictions do not arise from the same conduct. But if the two convictions arise from the same act or transaction then the conduct is unitary, and the court must consider the second prong. 311 Kan. at 296. Under the second prong, if the convictions are for violating different statutes, the court applies "the same-elements" test: determining "'whether each offense contains an element not contained in the other; if not, they are the 'same offen[s]e' and double jeopardy bars additional punishment and successive prosecution.'" 311 Kan. at 296; *State v. Schoonover*, 281 Kan. 453, 467, 133 P.3d 48 (2006).

Neither party challenges whether the charges stem from unitary conduct. Thus, the only issue before this court is whether by statutory definition there was only one offense. Because the felony theft charge and the violation of the Tax Act charge arise from separate statutes, we apply "the same-elements" test to resolve this second prong. Under this test, Ruiz' multiplicity challenge hinges on whether the statutory offenses each contain an element the other does not.

4

Ruiz was charged with a misdemeanor violation of the Tax Act under K.S.A. 79-3615(h) and felony theft under K.S.A. 2020 Supp. 21-5801(a)(1) and (b)(2). The Tax Act provides:

> "(h) . . . any person who willfully fails to make a return or to pay any tax imposed under the Kansas retailers' sales tax act, or who makes a false or fraudulent return, or fails to keep any books or records prescribed by this act, or who willfully violates any regulations of the secretary of revenue, for the enforcement and administration of this act, or who aids and abets another in attempting to evade the payment of any tax imposed by this act, or who violates any other provision of this act, shall, upon conviction thereof, be fined not less than $500, nor more than $10,000, or be imprisoned in the county jail not less than one month, nor more than six months, or be both so fined and imprisoned, in the discretion of the court." K.S.A. 79-3615(h).

The theft statute states:

> "(a) Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services:
> (1) Obtaining or exerting unauthorized control over property or services;
> . . . .
> "(b) Theft of:
> . . . .
> (2) property or services of the value of at least $25,000 but less than $100,000 is a severity level 7, nonperson felony." K.S.A. 2020 Supp. 21-5801(a)(1), (b)(2).

The State asserts that the Tax Act requires a willful failure to pay tax while the theft charge does not. The State also claims that theft requires the permanent deprivation of property from its owner, and the Tax Act does not require this element. The State argues that a taxpayer could intend to temporarily, not permanently, deprive the State of sales tax and violate the Tax Act, but not commit theft. Ruiz responds that in all tax violation cases, the elements of theft would be the same.

5

The district court found that the charges were multiplicitous. In its ruling, the district court stated:

> "Both charges essentially require that the State prove that (1) the specified amount of taxes totaling $49,272.06, (2) were collected by the Defendant as required by the Kansas Retailers' Sales Tax Act, (3) that Defendant retained unauthorized control over those taxes, (4) that Defendant intentionally or willfully did not pay said taxes to the Kansas Department of Revenue thereby depriving it of the use or benefit of those taxes, (5) that those taxes were collected and held by the Defendant between the 1st day of August 2015 through the 31st day of January 2017, (6) in Ford County, Kansas."

The district court oversimplified its analysis and focused on the facts used by the State to prove the crimes, not the elements of the crime. The Kansas Supreme Court has clarified that "[t]he same-elements test . . . 'has nothing to do with the *evidence* presented at trial.'" *Gonzalez*, 311 Kan. at 298 (quoting *Schoonover*, 281 Kan. at 467). Applying the same elements test, the State's argument is convincing. The felony theft charge and the alleged Tax Act violation each contain statutory elements not found in the other. The Tax Act statute, K.S.A. 79-3615(h), has an element not found in the theft statute: willfully failing to pay any tax imposed under the Act. Likewise, the theft statute, K.S.A. 2020 Supp. 21-5801(a)(1), has an element not found in the Tax Act: an intent to permanently deprive an owner of its property. The felony theft charge and the violation of the Tax Act charge do not satisfy "the same-elements" test. As a result, the district court erred in finding the charges were multiplicitous.

The State also correctly argues that even if the charges were multiplicitous, the district court erred by dismissing the theft charge. The State can charge a defendant alternatively with multiplicitous crimes, and the jury can find the defendant guilty of each crime. But if the jury returns guilty verdicts to multiplicitous charges, the district court must accept only the verdict as to the greater charge under the doctrine of merger. See *State v. Dixon*, 252 Kan. 39, 47-49, 843 P.2d 182 (1992); Pattern Instructions Kansas

6

(PIK) Crim. 4th 68.090 (2018 Supp.). The district court erred by dismissing the felony theft charge based on multiplicity and the case is remanded with directions to reinstate the charge.

### DID THE DISTRICT COURT ERR BY FINDING THE GENERAL VERSUS SPECIFIC STATUTE ANALYSIS APPLIED?

The State asserts that it is unclear if the district court reached a conclusion about whether the general versus specific statute analysis applied, but it argues that if the district court did find the analysis applied, the district court erred in doing so. Ruiz argues that the district court's order "had the effect of holding that the general/specific offense doctrine controlled, with the violation of K.S.A. 79-3615(h) being the specific offense and felony theft under K.S.A. 21-5801(a)(1) being the general offense."

After the parties filed their initial briefs, our Supreme Court issued its opinion in *State v. Euler*, 313 Kan. 901, 907, 492 P.3d 1147 (2021), in which it concluded that the more specific statute rule "appears to be an accidental 'rule' which was never intended to apply to two statutes with divergent elements." The court held that when two or more criminal statutes can apply to a given set of facts, the "identical offense doctrine," rather than the rule suggesting that the defendant can only be convicted under the "more specific" statute, is the proper analytical tool to determine which crime the defendant can be convicted of and sentenced under. 313 Kan. at 913.

In its supplemental brief on the issue, the State argues that because the Supreme Court "abandoned use of the court-made 'more specific statute rule' [it] is no longer applicable in this case." Ruiz, however, argues that *Euler* does not affect this court's analysis despite the Supreme Court's ruling because K.S.A. 2020 Supp. 21-5109(d), a statute that appears to have codified the general versus specific statute rule, controls.

Our Supreme Court later modified its opinion in *Euler* and noted that "Euler may have had a similar statutory claim had she invoked K.S.A. 2020 Supp. 21-5109[d]. But she did not, and we express no opinion on the possible applicability of that statute to this case." *State v. Euler*, 314 Kan. 391, 396, 499 P.3d 448 (2021).

Despite the parties' arguments and supplemental briefs, we choose not to address the issue in this appeal because the district court explicitly declined to make a finding on the general versus specific statute rule. It stated in its order: "The Court does not find a need to address the parties' additional arguments of general vs. specific statutory analysis or the Rule of Lenity." Because the district court dismissed the felony theft charge based on multiplicity, it never reached the applicability of the general versus specific statute rule. Given the posture of this case—an appeal from a dismissal based on multiplicity following only the preliminary hearing and without a ruling from the district court on the general versus specific statute rule—we also will not address the applicability of the rule or the effect of *Euler* and K.S.A. 2020 Supp. 21-5109(d). On remand, the parties may raise this issue and present arguments to the district court as they deem appropriate.

DID THE DISTRICT COURT PROPERLY DISMISS THE THEFT
CHARGE BECAUSE THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE?

In her responsive brief, Ruiz argues that even if the felony theft charge and the violation of the Tax Act charge are not multiplicitous, the district court was right for the wrong reason in dismissing the felony theft charge because the State offered insufficient evidence at the preliminary hearing to bind Ruiz over for trial on that charge. The State filed a reply brief and argues that it presented sufficient evidence at the preliminary hearing for the district court to bind Ruiz over for trial on the felony theft charge.

Ruiz did not raise this argument before the district court. While Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35) prevents new issues from being raised for the

first time on appeal, this rule only applies to the content of the appellant's brief. Supreme Court Rule 6.03 (2022 Kan. S. Ct. R. at 36), addressing the content of the appellee's brief, contains no similar prohibition. And even if the rules of appellate procedure generally prohibit the appellee from raising new issues or making new arguments on appeal, a recognized exception to this prohibition allows a party to assert a new legal theory for the first time on appeal if it establishes the district court's ruling was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). The State acknowledges this exception and agrees the issue is proper for this court to address.

In Kansas, every person charged with a felony has a right to a preliminary examination, often called a preliminary hearing, unless the person was charged after being indicted by a grand jury. See K.S.A. 2020 Supp. 22-2902(1). At the preliminary hearing, a magistrate or district court judge will hear the State's evidence and determine: (1) whether a felony has been committed; and (2) whether there is probable cause to believe that the defendant committed the crime. *State v. Washington*, 293 Kan. 732, 733, 268 P.3d 475 (2012); see K.S.A. 2020 Supp. 22-2902(3).

Probable cause requires the court to find that the evidence is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. *State v. Brown*, 299 Kan. 1021, 1030, 327 P.3d 1002 (2014), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). In deciding whether this standard is satisfied, the magistrate or district judge must draw inferences in favor of the State. Even if the evidence is weak, the defendant should be bound over for trial if the evidence tends to establish that the offense were committed and that the defendant committed it. *Washington*, 293 Kan. at 734. When the evidence fails to establish a felony has been committed, the court must discharge the defendant. K.S.A. 2020 Supp. 22-2902(3). On appeal from the grant or denial of a motion to dismiss filed after the preliminary hearing, an appellate court reviews the district court's probable cause finding de novo. *Washington*, 293 Kan. at 734.

9

Ruiz argues that the State failed to provide evidence that she deprived the KDOR of any property of which it was the owner. This is an element of theft. K.S.A. 2020 Supp. 21-5801(a)(1); PIK Crim. 4th 58.010 (2017 Supp.). More specifically, Ruiz argues:

"As a practical matter, retailers that collect sales taxes do not keep that money in segregated accounts—they are comingled with the retailer's general funds. The taxes due simply come from the retailer's business account at the time they are due with the return. Thus, KDOR does not have an interest in them until they are remitted."

The record at the preliminary hearing shows that Ruiz' argument fails. Under the criminal code, an owner is a person who has any interest in property. K.S.A. 2020 Supp. 21-5111(s). The State proffered the following evidence:  Ruiz' Kansas retailers sales tax application acknowledging that the State imposed a tax on her retail sales; completed sales tax returns filed by Ruiz confirming the amount she owed to the State; and testimony from law enforcement detailing conversations with Ruiz about her knowledge that she owed the sales tax to the State. Viewing this evidence in the light most favorable to the State, there is sufficient evidence to show that the KDOR had an interest in the sales tax that Ruiz collected but failed to remit. The evidence at the preliminary hearing at least established probable cause that Ruiz exerted unauthorized control over the sales tax revenue, that she did so with the intent to permanently deprive the KDOR of the revenue, and that the amount of the revenue was at least $25,000 but less than $100,000. Thus, the State's evidence at the preliminary hearing was sufficient to establish probable cause to bind Ruiz over for trial on the charge of felony theft.

Reversed and remanded with directions.