NOT DESIGNATED FOR PUBLICATION

No. 123,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF LEAVENWORTH, KANSAS,
*Appellee*,

v.

SALLIE S. MELTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed October 28, 2022. Affirmed.

*Sallie Starker Melton*, appellant pro se.

*Catalina M. Thompson*, of Lansing, for appellee.

Before SCHROEDER, P.J., MALONE, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Sallie Starker Melton was found guilty of driving under the influence (DUI) in the Leavenworth Municipal Court. She appealed the conviction to the district court where she was found guilty following her de novo bench trial. Melton appeals to this court, raising numerous issues. Melton—who represented herself during the district court trial and filed her appellate brief pro se—did not raise the issues in the district court. Because of that failure, those issues are not preserved for review on appeal. The sole issue we address on the merits is whether there was sufficient evidence to support her conviction. After a thorough review of the testimony and evidence admitted

1

during the trial, we find sufficient evidence to support Melton's conviction for DUI and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

At approximately 10 p.m. on September 28, 2019, Lorelei Mullins stopped at a gas station and went inside while her friend Christopher Zule waited in the vehicle. When Mullins returned to the vehicle, Zule told her he saw a woman he believed to be intoxicated going inside. Mullins then waited inside the vehicle for the woman, later identified as defendant Sallie Melton, to return to her vehicle. Mullins said Melton essentially stumbled the entire way from the store's exit to her vehicle. When Melton reached her vehicle, she fumbled with her keys before eventually opening one of the vehicle's doors, at which point Mullins called law enforcement dispatch.

After observing Melton awkwardly back up her vehicle, Zule began following her. Mullins, who sat in the passenger seat and remained on the phone with dispatch, relayed street signs and other geographical information so law enforcement would know where to locate Melton. Mullins observed Melton driving significantly under the speed limit, stopping abruptly multiple times, turning without using her turn signals, and driving left of the center lane before ultimately pulling into a driveway. Zule parked near the driveway and waited for law enforcement to arrive.

Joshua Swanbeck, a police officer with the Leavenworth Police Department, was dispatched to Melton's residence and found Melton in the driver's seat of the car, parked in her driveway. Officer Swanbeck said he did not observe Melton driving the vehicle because she had stopped by the time he arrived. Officer Swanbeck observed a package of alcohol, though none of the containers were opened, which led him to believe Melton did not begin drinking after she stopped her vehicle.

2

After making contact with Melton, Officer Swanbeck observed her exit the vehicle. When Melton was outside the car, the officer smelled the odor of consumed alcohol and observed Melton leaning against her vehicle, leading the officer to believe Melton struggled with her balance. Officer Swanbeck said Melton's balance issues continued throughout their interaction. When asked, Melton admitted she had been drinking.

Officer Swanbeck noticed other signs of intoxication, including slurred speech, bloodshot and watery eyes, and a display of a wide range of emotions. Melton also struggled with instructions, and when Paul Bohannon—another police officer who responded to the scene along with Officer Swanbeck—asked Melton to follow a pen with her eyes, Melton had to be reminded several times to only move her eyes and not her head. Similarly, Melton had to be reminded what to do several times when asked to perform other field sobriety tests. At some point, Officers Swanbeck and Bohannon stopped the field sobriety tests out of concern for Melton's safety. When they asked her to perform a preliminary breath test, Melton said she was impaired and refused to take the test. Shortly thereafter, Officer Swanbeck took Melton into custody and transported her to jail so her blood alcohol content (BAC) could be determined using the Intoxilyzer 9000.

Wilson Park, a police officer with the Leavenworth Police Department, encountered Melton at the jail. He observed signs of intoxication, such as slurred speech, problems understanding questions, and lack of balance. Officer Park read Melton the implied consent advisories in the DC-70 form and administered the Intoxilyzer 9000 test. In doing so, Officer Park began by inspecting Melton's mouth to ensure nothing would contaminate the results of the test. He then started Melton's deprivation period and observed her during that time to ensure further accuracy of the test results. Though individuals are only required to have a 20-minute deprivation period, Officer Park said Melton's deprivation period lasted longer than 20 minutes. After the deprivation period,

Officer Park certified that the Intoxilyzer 9000 worked properly and began testing Melton. The results of the Intoxilyzer 9000 test showed that Melton had a BAC of .208.

Melton did not file any pretrial motions or object to the admission of any testimony or evidence at trial. She did not testify. Melton was found guilty and ultimately given a 6-month jail sentence, with all but 48 hours of the sentence suspended, and placed on supervised probation for 1 year.

Melton timely appeals.

ANALYSIS

*Did sufficient evidence exist to convict Melton?*

Melton contends that the evidence was insufficient to support her conviction because the arresting officers never observed her driving her vehicle.

> "'When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.' [Citations omitted.]" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021).

The district court found Melton "guilty of Sec. 30 of the Uniform Standard [Traffic Ordinance] Code as adopted by reference by the City of Leavenworth." That ordinance states:

> "(a) Driving under the influence is operating or attempting to operate any vehicle within this city while:

4

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in Section 1 of this ordinance, is 0.08 or more;

(2) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is 0.08 or more;

(3) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." Standard Traffic Ordinance for Kansas Cities, Art. 6, Sec. 30(a) (2019).

As stated above, Melton challenges her conviction because neither Officer Swanbeck nor Officer Bohannon observed her operating her vehicle. Melton's claim misconstrues what must be proved to convict someone of driving under the influence. In *State v. Ahrens*, 296 Kan. 151, 160, 290 P.3d 629 (2012), our Supreme Court explained:

"The crime of driving under the influence requires two primary elements—that is, driving and simultaneously being under the influence. The driving element can be established through proof that the defendant either 'operated' or 'attempted to operate' the vehicle, while the 'under the influence' requirement can be established through proof of any of the factual circumstances described in subsections (a)(1) through (a)(5) [of K.S.A. 2008 Supp. 8-1567]."

There is no requirement a police officer must personally observe a defendant driving his or her vehicle to convict that person of driving under the influence. Instead, there only needs to be proof the defendant operated, or attempted to operate, his or her vehicle. During the district court trial, Lorelei Mullins testified she and Christopher Zule both saw Melton driving her car and followed her from the gas station to her home. Additionally, Officer Swanbeck testified, without any objection from Melton, that Melton said she drove home after being at the local post for the Veterans of Foreign Wars. Based

5

on this testimony from Mullins and Swanbeck, a rational fact-finder could conclude that Melton operated her vehicle. See *Aguirre*, 313 Kan. at 209.

Even though Melton does not explicitly challenge the other element of driving under the influence, sufficient evidence also supports a finding that Melton operated the vehicle under the influence because the results of the Intoxilyzer 9000 test showed that Melton had a BAC of .208, and she did not object to the introduction of the Intoxilyzer 9000 test results.

Melton raises nine additional issues in her appeal, none of which were presented to or argued before the district court. Consequently, the issues are not preserved since there is no record concerning those issues that we can review. K.S.A. 60-404 generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection made on the record. See *State v. Ballou*, 310 Kan. 591, 613-14, 448 P.3d 479 (2019). As noted above, Melton filed no pretrial motions and made no objections to any of the testimony or evidence presented during the trial. Melton did not challenge any comments made by the prosecutor and did not assert any constitutional arguments before the district court.

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). The same is true for constitutional grounds for reversal asserted for the first time on appeal. *State v. Pearce*, 314 Kan. 475, 484, 500 P.3d 528 (2021). There are several exceptions to these general rules, but Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Rule 6.02(a)(5) also requires litigants to cite appropriate standards of review and include pinpoint references to locations in the record where the issue was raised below and ruled upon. See also *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (warning

6

litigants that Rule 6.02[a][5] would be strictly enforced, and those who fail to comply with the rule risked a ruling the issue would be deemed waived or abandoned). Melton did not comply with Supreme Court Rule 6.02(a)(5), and her appeal on the additional nine issues is deemed waived or abandoned.

Because Melton failed to raise her nine issues before the district court, there are no factual findings or district court rulings for us to review, and because she failed to offer adequate explanation for her failure to raise those issues, we deny Melton's appeal on those issues.

Affirmed.