NOT DESIGNATED FOR PUBLICATION

No. 126,799

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRISTIAN NEAVE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW M. STEIN, judge. Submitted without oral argument. Opinion filed August 23, 2024. Appeal dismissed.

*Derek W. Miller*, of Miller & French, LLC, of Liberal, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., GARDNER and PICKERING, JJ.

PER CURIAM: Cristian Neave appeals his sentence, charging the State with violating his plea agreement. Neave claims the prosecutor violated the plea agreement not to oppose his motion for border box findings in support of placing him on probation. After reviewing the record, we find Neave failed to preserve this issue. Moreover, he does not provide us with arguments for finding that an exception applies which allows us to review his claim for the first time on appeal. We therefore dismiss his appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In July 2022, after his neighbors' adult son set off a firework toward his house, Neave discharged a "mortar-type firework" toward his neighbors' house. The firework entered a window and exploded in a child's crib, severely burning the child. The State charged Neave with aggravated arson, aggravated battery, and criminal threat. The State filed two amended complaints, the second of which only contained an aggravated battery charge.

Neave pled no contest to aggravated battery under K.S.A. 2022 Supp. 21-5413(b)(2)(A), a severity level 5 person felony. In exchange, the State agreed to "not oppose a non-prison option sentence and [would] ask the mid-box—mid-box sentence for an underlying." Neave also agreed to pay restitution.

Prior to sentencing, Neave filed a motion for border box findings and orders. Neave argued that he did not intend to cause harm. He explained that he wanted to pay restitution, how he had shown remorse, and he had displayed good behavior while on bond. He also pointed to his H criminal history score, which consisted of one prior misdemeanor conviction. Therefore, Neave argued community safety interests would be better served by allowing him "to reform within the community while making amends through any means appropriate for his actions." Neave requested 24 months of probation.

At sentencing, the district court found Neave to have an H criminal history score, which, due to his severity level 5 person felony, placed him in a border box in the sentencing grid. After Neave's argument for special findings and to place him on probation, the district court asked for the State's position. The State responded that it was "asking for the standard sentence. Standing mute."

The district court sentenced Neave to 36 months in prison, denying Neave's request for border box findings. In explaining its ruling the court stated, "There was potential for great harm to be imposed in this case, and the Defendant has shown an extraordinary recklessness. And, as such, it appears that a prison sentence is appropriate." Neave now appeals to this court.

### NEAVE RAISES AN ISSUE FOR THE FIRST TIME ON APPEAL

On appeal, Neave claims the prosecutor violated the plea agreement. As part of his plea agreement, the State had agreed not to oppose Neave's motion for the district court to make favorable border box findings and place him on probation. He argues that the prosecutor violated the plea agreement at sentencing by asking for the standard sentence and then "[s]tanding mute" with respect to border box findings. As the State notes, Neave raises this issue for the first time on appeal. During sentencing he did not object when the State said it was "[s]tanding mute," nor did Neave file a motion to withdraw his plea.

We have continually ruled that issues not raised before the district court cannot be raised on appeal. We have also stated that there are three exceptions to this rule:  (1) The issue presents "only a question of law" and is "determinative of the case"; (2) "consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights"; or (3) the district court was right for the wrong reason. *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022). If a newly raised issue falls within one of these three exceptions, appellate courts have discretion on whether to consider the issue. See *State v. Allen*, 314 Kan. 280, 284, 497 P.3d 566 (2021).

One additional step must be taken should an appellant or cross-appellant desire us to consider an issue not raised in district court. Under Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36), an appellant is required to explain why an issue that was not raised in district court should be considered for the first time on appeal. *State v. Johnson*,

309 Kan. 992, 995, 441 P.3d 1036 (2019). Here, Neave does not acknowledge that he raises this issue for the first time on appeal, nor does he assert how his challenge qualifies under any of the three preservation exceptions.

A scenario very similar to this case occurred in *State v. Godfrey*, 301 Kan. 1041, 350 P.3d 1068 (2015). There, Godfrey's single claim, raised for the first time on appeal, was that the State violated a plea agreement. He did not object to the State's alleged breach and did not move to withdraw his plea. Godfrey's appellate brief did not mention whether the issue was preserved for review, nor did his brief present a preservation exception. Our Supreme Court acknowledged that without a motion to withdraw a plea, courts have considered alleged breaches of plea agreements "so long as a contemporaneous objection was lodged." 301 Kan. at 1043. Yet, Godfrey failed to object or to assert a preservation exception on appeal, and thus the court declined to reach the merits. 301 Kan. at 1043-44.

Likewise, Neave raises this issue for the first time on appeal but fails to assert a preservation exception. Accordingly, we do not reach the merits.

Appeal dismissed.